IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WARREN DOUGLASS COBLE, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0134 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION TO
DISMISS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY</u>**

Came for consideration the above-entitled motion filed by petitioner WARREN DOUGLASS COBLE, JR.  By his motion, petitioner challenges his 240-month sentence, arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).  For the reasons set forth below, petitioner's motion is time-barred and should be DISMISSED.

I.
<u>PROCEDURAL HISTORY</u>

On June 1, 2004, petitioner pleaded guilty to the felony offense of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  The Presentence Report (PSR) categorized petitioner as a "career offender" pursuant to USSG § 4B1.1 and recommended his sentence be enhanced under Chapter 4 of the United States Sentencing Guidelines (USSG) due to two prior aggravated robbery convictions, which are considered crimes of violence under USSG §4B1.1.  Petitioner was originally sentenced to a term of 262

months; however, after an appeal to the Fifth Circuit, and upon a joint motion of the parties, the sentence was vacated and the case remanded for re-sentencing.  On July 6, 2005 petitioner was re-sentenced to a term of 240 months, and Judgment was entered.  Petitioner appealed this sentence to the Fifth Circuit but, on June 2, 2006, that court dismissed the case as frivolous.

Petitioner did not apply for a writ of certiorari with the Supreme Court; thus, his judgment became final on August 31, 2006 after the expiration of time to do so.  *See* Supreme Court Rule 13.1.  The one-year statute of limitations began to run, making petitioner's motion to set aside, vacate or correct his sentence due to be filed on or before September 1, 2007.  On June 24, 2016, petitioner placed the instant motion in the prison mailing system, such petition being received and filed of record on June 30, 2016.  Petitioner's motion, treated as filed June 24, 2016, was filed over one (1) year after his conviction became final.  Therefore, petitioner's motion to set aside, vacate or correct his sentence is untimely and should be dismissed.

## II.
## PETITIONER'S ALLEGATION

To the extent petitioner argues *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) applies to his case, that his limitations period should be extended and that he is entitled to relief, his claim is without merit.[1]

As set out above, petitioner was not sentenced under the residual clause of the ACCA.  Petitioner's reliance on *Johnson* is misplaced.  *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016).  It is the opinion of the undersigned that respondent is correct and that *Johnson* is not applicable to petitioner's case.

---

[1] The Supreme Court has since held that the holding of *Johnson* is retroactive on collateral review in Armed Career Criminal Act (ACCA) cases.  *See Welch v. United States*, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016).

Petitioner's challenge is a challenge to the USSG guidelines applied to his case at sentencing. The Supreme Court has found, in analyzing *Johnson* challenges, the USSG guidelines "are not amenable to a vagueness challenge" under *Johnson*, despite a similarity in the language used in the "residual clauses" of the USSG guidelines and the ACCA. *See Beckles v. United States*, _____ U.S. _____, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017). This is because the guidelines, and their applications to a petitioner's sentence by a District Judge, are discretionary, not mandatory. *Id*. Therefore, even if petitioner's claim was not time barred, it would not be cognizable under § 2255.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner WARREN DOUGLASS COBLE, JR., be, in all things, DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of October 2017.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

LAR\HAB55\FCR\Coble-134.Johnson-DSM:1